UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  15-56155-wlh |
| Tammy Patricia Simpson, | ) ) | CHAPTER 7 |
| Debtor | ) | |
| Robert Trauner, | ) ) | |
| Chapter 7 Trustee for the Estate of Tammy Patricia Simpson, | ) ) | Adversary Proceeding |
| Plaintiff | ) | |
| vs. | ) ) | No. _____ |
| First Tennessee Bank National Association, Successor Thru Merger With First Horizon Home Loan Corporation, | ) ) ) | |
| Defendant | ) | |

### Complaint

COMES NOW Robert Trauner, the Chapter 7 Trustee of the Estate of Tammy Patricia Simpson ("Trustee"), and files this Complaint against First Tennessee Bank National Association, Successor Thru Merger With First Horizon Home Loan Corporation, and in support thereof, respectfully shows the Court as follows:

Jurisdiction and Venue

1.     This is an Adversary Proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and, *inter* alia, Sections 544, 550 and 551 (11 U.S.C. §§ 544, 550 and 551) of the United States Bankruptcy Code (the "Bankruptcy Code).

2.     This Adversary Proceeding arises in and relates to the case of In re Tammy Patricia Simpson, Chapter 7 Case No. 15-56155-wlh (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

3.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), and (0).

4.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.      Trustee consents to the entry of final orders and judgments by the Bankruptcy Court with respect to any claims that may be determined to be non-core, and as to any core claims determined to require such consent.

<u>The Parties</u>

7.      Plaintiff is the duly appointed and acting Trustee under Chapter 7 of the Bankruptcy Code of Tammy Patricia Simpson ("Debtor"), who filed her Voluntary Petition for Relief ("Petition") under Chapter 7 of the Bankruptcy Code in this Court on April 3, 2015 (the "Petition Date").  *See* Petition, Statement of Financial Affairs (SOFA), Schedules of Assets and Liabilities (Schedules) and related documents filed in Case # 15-56155-wlh (the "Main Case") on April 3, 2015 [Main Case Docket # 1].

8.      Defendant First Tennessee National Association ("Defendant First Tennessee") is national banking association headquartered in the United States and is subject to the jurisdiction of this Court.  An "Entry of Appearance and Request for Notices" has been filed by counsel for "First Tennessee Bank National Association, Successor Thru Merger With First Horizon Home Loan Corporation" [Main Case Docket # 45].  Moreover, Defendant First Tennessee has been listed by Debtor on Schedule D - Creditors Holding Secured Claims as having a secured claim in the principal amount of $69,181.00.  [Main Case Docket # 1, p. 19].  Defendant First Tennessee

may be served with a copy of this complaint through its Registered Agent in the State of

Georgia, CT Corporation System, 1201 Peachtree Street, NE Atlanta Georgia 30361.

<u>Background Facts and Applicable Georgia Law</u>

9.      On and as of the Petition Date, Debtor owned a parcel of real property commonly

known as 2520 Brookwood Drive NE, Atlanta, Fulton County, Georgia 30305 (the "Property").

On Schedule A, Real Property, of Debtor's Schedules of Assets and Liabilities (Schedules)

[Main Case Docket # 1], Debtor listed the then-current market value of the Property as $650,000.

10.     On August 4, 2015, Trustee filed a Notice of Bankruptcy Filing and Claim of

Chapter 7 Trustee (the "Trustee's Notice") with the Clerk of the Superior Court of Fulton County,

Georgia, effectively giving notice to the whole world of the Trustee's claim of interest in the

Property. A true and correct copy of Trustee's Notice is attached as Exhibit "A" and incorporated

by reference.[1]

11.     Debtor executed a Security Deed dated October 24, 2004, in favor of First

Horizon Home Loan Corporation ("First Horizon"), purportedly securing repayment of a "Home

Equity Line of Credit" provided to Debtor by First Horizon (the "Security Deed").  The Security

Deed was recorded with the Clerk of the Superior Court of Fulton County, Georgia on November

8, 2004.  A true and correct copy of the Security Deed is attached as Exhibit "B" and

incorporated by reference.

12.     At some point in time, the exact date being currently unknown to Trustee, First

Horizon merged with Defendant First Tennessee, and became known as "First Horizon Home

Loans, a division of First Tennessee Bank National Association."  Trustee further states, upon

---

[1] The copy of Trustee's Notice attached hereto bears a "Received" stamp from the Office of the Clerk of Superior Court of Fulton County Georgia.  Trustee has not yet received back the original with the "Book and Page" notation identifying where it can be found in the Official Records of Fulton County, Georgia.

information and belief, that Defendant First Tennessee is the current holder of the Security Deed

and the underlying debt purportedly secured by the Security Deed, and is the real party in interest

in this matter.

     13.    The Security Deed was signed and "witnessed" as follows:

Deed Book 38801 Pg  256

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Deed and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed, sealed and delivered this Security Deed.

Signed, sealed and delivered in the presence of:

_____
Witness

_____
Witness

TAMMY P SIMPSON                    , Borrower

_____           , Borrower

_____           , Borrower

_____           , Borrower

Before me on this     day of               ,     , personally appeared

TAMMY P SIMPSON

who acknowledged that he/she/they signed this Georgia Deed to Secure Debt as his/her/their act.

_____
Notary Public

My Commission Expires: _____

Printed Name of Notary Public

(Notary Seal)

Notary Public, DeKalb County, Georgia
My Commission Expires March 15, 2005

*See,* Security Deed, p. 9.

14.     Georgia law, as it existed at the time of the filing of the Security Deed, provided, in pertinent part, as follows:

a.     "***Before any deed to realty*** or personalty or any mortgage, bond for title, or other recordable instrument executed in this state ***may be recorded, it must be attested or acknowledged as provided by law***. However, nothing in this Code section shall dispense with another witness where an additional witness is required." O.C.G.A. § 44-2-14(a) (2004 Georgia Code Archive) (emphasis added);

b.     "A ***deed to lands*** must be in writing, signed by the maker, and ***attested by at least two witnesses***." O.C.G.A. § 44-5-30 (2004 Georgia Code Archive) (emphasis added);

c.     "In order ***to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages***. O.C.G.A. § 44-14-61 (2004 Georgia Code Archive) (emphasis added);

d.     "In order ***to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale***; and, in the case of ***real property, a mortgage must also be attested or acknowledged by one additional witness***." O.C.G.A. § 44-14-33 (2004 Georgia Code Archive) (emphasis added);

e.     A ***mortgage which is recorded*** in an improper office or ***without due attestation*** or probate or which is so defectively recorded as not to give notice to a prudent inquirer ***shall not be held to be notice to subsequent bona fide purchasers***. A mere formal mistake in the record shall not vitiate it. O.C.G.A. § 44-14-39 (2004 Georgia Code Archive) (emphasis added);

f.     "***Any of the instruments enumerated in Code Section 44-2-14 may be attested by*** a judge of a court of record, including a judge of a municipal court, or by a magistrate, ***a notary public***, or a clerk or deputy clerk of a superior court or of a city court created by special Act of the General Assembly." O.C.G.A. § 44-2-15 (2004 Georgia Code Archive) (emphasis added);

g.     "***'Attesting'" and 'attestation'*** are synonymous and mean ***the notarial act of witnessing or attesting a signature or execution of a deed or other written instrument, where such notarial act does not involve the taking of an acknowledgment***, the administering of an oath or affirmation, the taking of a verification, or the certification of a copy." O.C.G.A. § 45-17-1(a) (2004 Georgia Code Archive) (emphasis added);

h.     "***Notaries public shall have authority to***: (1) ***Witness or attest signature or execution of deeds*** and other written instruments; (2) ***Take acknowledgments***; O.C.G.A. § 45-17-8(a) (2004 Georgia Code Archive) (emphasis added);

5

15.     Most importantly for the purposes of this Adversary Proceeding, Georgia law, as

it existed at the time of the filing of the Security Deed, provided, in pertinent part, as follows:

> (a)  Except as otherwise provided in this Code section, ***in documenting a
> notarial act***, a notary public shall sign on the notarial certification, by hand
> in ink, only and exactly the name indicated on the notary's commission ***and
> shall record on the notarial certification the exact date of the notarial act***.

> (b)  ***The requirement of subsection (a) of this Code section for
> recording of the date of the notarial act shall not apply to an attestation*** of
> deeds or any other instruments pertaining to real property.

O.C.G.A. § 45-17-8.1(a) &  (b) (2004 Georgia Code Archive) (emphasis added);

16.     As further explained by Georgia law:

> ***Attestation and acknowledgement are different acts.  Attestation is the act
> of witnessing the actual execution of a paper and subscribing one's name
> as a witness to that fact. Acknowledgment is the act of a grantor in going
> before some competent officer and declaring the paper to be his deed***; and
> to make such acknowledgment good in law, it must be accompanied by the
> certificate of the officer that it has been made. In Webb on Record of Title,
> § 69, the author says the certificate should state the fact of the
> acknowledgment and by whom made, using substantially, at least, the
> statutory language in stating these matters; and, also, ***the certificate must
> show a compliance with the law by a specific statement of the facts
> constituting a valid acknowledgment***. See also Am. and Eng. Enc. of L.
> vol. 1, title Acknowledgment, and Bouvier's Law Dict. same title.

*White v. Magarahan*, 87 Ga. 217, 219 (1891) (emphasis added).  *See, also, In re Estate of*

*Burleson*, 24 N.C. App. 136, 138 (1974) ("An acknowledgement is a formal declaration or

admission before an authorized public officer by a person who has executed an instrument that

the instrument is his voluntary act and deed.  It is different from an attestation in that an

attestation is the act of a third person who witnessed the actual execution of an instrument and

subscribed his name as a witness to that fact, . . . .").

17.     The signature page of the Security Deed is a "hybrid" of both an attestation and an acknowledgment, and it fails to comply with the requirements of Georgia law as to either an attestation or an acknowledgement.

18.     The Security Deed reflects that Debtor's signature was "Signed, sealed and delivered in the presence of" only one witness, whose signature is illegible, and whose name cannot be ascertained from an examination of the Security Deed.  *See*, Security Deed, p. 9.

19.     The following language appears in the Security Deed between the Debtor's and attesting witness's signature and the Notary Certificate:

> ***Before me on this       day of                          ,        ,*** personally appeared
>
> ***TAMMY P SIMPSON***
>
> ***who acknowledged that he/she/they signed this Georgia Deed to Secure Debt as his/her/their own act***.

*See*, Security Deed, p. 9.  (emphasis added).

20.     It is clear from the face of the Security Deed that the "notarial act" intended to be accomplished by the Notary was to ***take an acknowledgement*** from Debtor that Debtor had signed the Security Deed ***rather than attesting to witnessing*** Debtor's signature on the Security Deed.

21.     Debtor's execution of the Security Deed was not attested by two witnesses, and was also not attested by an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale, as required by O.C.G.A. §§ 44-2-14(a), 44-5-30, 44-14-33, 44-14-61 and 45-17-1(a) in effect at the time of the execution of the Security Deed; and these defects in attestation are apparent from the face of the Security Deed.

22.     Also, the Notary failed to properly perform his notarial act of taking an

acknowledgement by recording on "***the notarial certification the exact date of the notarial act***"

as required by O.C.G.A. § 45-17-8.1(a).  The failure to meet this requirement is not excused by

O.C.G.A. § 45-17-8.1(b), since such failure did ***not occur in connection with an attestation*** of

deeds or any other instruments pertaining to real property—rather, it ***occurred in connection***

***with the taking of an acknowledgement*** of the signing of a Security Deed.  As a result, Debtor's

execution of the Security Deed was not properly acknowledged before by an officer as

prescribed for the acknowledgement of deeds of bargain and sale.  This defect in taking an

acknowledgement is also apparent from the face of the Security Deed.

## COUNT I
## AVOIDANCE AND RECOVERY OF DEFENDANT'S SECURITY DEED
## PURSUANT TO 11 U.S.C. §§ 544, 550, AND 551

23.     The Trustee re-alleges and incorporates paragraphs 1 through 22 of the Complaint

as if fully set forth herein.

24.     Section 544(a)(3) of the Bankruptcy Code provides, in pertinent part, that a

bankruptcy trustee:

> ***shall have, as of the commencement of the case***, and without regard to any
> knowledge of the trustee or of any creditor, ***the rights and powers of, or***
> ***may avoid any transfer of property of the debtor or any obligation***
> ***incurred by the debtor that is voidable by  . . . a bona fide purchaser of***
> ***real property***, other than fixtures, ***from the debtor***, against whom applicable
> law permits such transfer to be perfected, ***that obtains the status of a bona***
> ***fide purchaser and has perfected such transfer at the time of the***
> ***commencement of the case, whether or not such a purchaser exists***.

See 11 U.S.C. § 544(a)(3).

25.     State law determines the extent of the powers of a bona fide purchaser of real

property.  *See, e.g. Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L. Ed. 2d 136 (1979)

("Property interests are created and defined by state law. Unless some federal interest requires a

different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); *In re Hedrick*, 524 F.3d 1175, 1182 (11th Cir. 2008).

26.     The Property is situated in Georgia.  Under Georgia law the Security Deed executed by Debtor is patently defective because: (a) Debtor's execution of the Security Deed is not attested to by two witnesses; (b) Debtor's execution of the Security Deed is not attested by an officer as prescribed for the attestation of deeds of bargain and sale; and (c) Debtor's execution of the Security Deed is not properly acknowledged by an officer as prescribed for the acknowledgement of deeds of bargain and sale.

27.     Because of these patent defects, the Security Deed does not provide constructive or actual notice of any security interest, and is subordinate to the interests of Trustee as a bona fide purchaser of real property under Georgia law.  *See, e.g., U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 15 (2011); *Gordon v. Wells Fargo Bank, N.A. (In re Codrington)*, 716 F.3d 1334 (2013); *Higdon v. Gates*, 238 Ga. 105, 107 (1976).

28.     As this Court stated in *In re Knight*, 504 B.R. 668 (Bankr. N.D. Ga. 2014):

> ***A bona fide purchaser, under Georgia law, is not subject to a security deed, even if recorded, that is patently defective. A security deed must be attested or acknowledged as provided by law in the manner set forth for mortgages under Georgia law***. See O.C.G.A. §§ 44-2-14, 44-14-61. In order for a security deed to be "duly recorded", it must be attested or acknowledged by an "official witness" such as a judge of a court of record, a notary public, or a clerk or deputy clerk of a superior court or a city court, and it must also be attested or acknowledged by an additional "unofficial" witness. See O.C.G.A. §§ 44-2-15, 44-14-33.
>
> ***The Georgia Supreme Court has clarified recently in cases involving this Trustee that a security deed with a patent defect, even though it may be recorded, does not provide constructive notice to a bona fide purchaser***. *U.S. Bank, N.A. v. Gordon*, 289 Ga. 12, 709 S.E.2d 258 (2011). A patent defect is one that can be determined from the face of the document. *See Id.* at 13. A patent defect is one that is "obvious and easily detect-able", while a

latent defect "is not apparent on the face of the deed". *Gordon v. Wells
Fargo Bank, N.A. (In re Codrington)*, 430 B.R. 287, 292 (Bankr. N.D. Ga.
2009), *aff'd*, 716 F.3d 1344 (11th Cir. 2013).

504 B.R. at 671 (emphasis added).

29.     Trustee, in his position as a hypothetical bona fide purchaser of real property from

Debtor, has a superior claim in the Property to that of Defendant First Tennessee; and, pursuant

to Section 544(a)(3) of the Bankruptcy Code (11 U.S.C. § 544(a)(3)), Trustee is entitled to avoid

the Security Deed for the benefit of Debtor's Bankruptcy Estate.

30.     Pursuant to Section 550 of the Bankruptcy Code (11 U.S.C. § 550), Trustee is

entitled to recover the interest in the Property purportedly transferred by Debtor by means of the

avoided Security Deed.

31.     Pursuant to Section 551 of the Bankruptcy Code (11 U.S.C. § 551), Trustee is

entitled to have the Security Deed preserved for the benefit of Debtor's Bankruptcy Estate with

respect to property of Debtor's Bankruptcy Estate.

WHEREFORE, the Trustee prays that this Court enter an Order and Judgment:

a.      avoiding the Security Deed as to Defendant First Tennessee;

b.      preserving the Security Deed for the benefit of  Trustee on behalf of

Debtor's Bankruptcy Estate; and

c.      granting such other and further relief the Court deems just and proper.

Dated:  August 7, 2015.

[Signature on Next Page]

10

Respectfully submitted,

/s/   Robert A. Bartlett          .

Ragsdale, Beals, Seigler,
  Patterson & Gray, LLP
229 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30303-1629
Office: (404) 588-0500
Fax:  (404) 523-6714

*Attorneys for Trustee*

**Robert A. Bartlett**
Georgia Bar No. 040550
rbartlett@rbspg.com
**W. Russell Patterson, Jr.**
Georgia Bar No. 566920
wrpjr@rbspg.com

Exhibit "A"



When recorded return to:
Robert A. Bartlett
Ragsdale, Beals, Seigler,
Patterson & Gray, LLP
229 Peachtree St.NE, Suite 2400
Atlanta, GA 30303-1629

<u>Notice of Bankruptcy Filing and</u>
<u>Claim of Chapter 7 Bankruptcy Trustee</u>

IN RE:        Tammy Patricia Simpson

Land Lot 101 of the 17th District of Fulton County, Georgia, Being Parts of
Lots 20, 21, 22, 23, 24 And 25, Block "4" of Peachtree Heights Subdivision,

Street Address: 2520 Brookwood Drive NE, Atlanta, Georgia 30305
Fulton County, Georgia

Notice is hereby given by Robert Trauner, Trustee Under Chapter 7 of the United States
Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code"), through his undersigned
attorney ("Trustee"), that on April 3, 2015, a Petition for Relief Under Chapter 7 of the
Bankruptcy Code was filed by Tammy Patricia Simpson, of 2520 Brookwood Drive NE, Atlanta,
Fulton County, Georgia 30305 ("Debtor")

Notice is hereby further given that Robert Trauner, as Trustee, claims an interest in any
and all property that the Debtor, Tammy Patricia Simpson, now has or formerly had an
ownership interest, legal or equitable, including, but not limited to, that parcel of real estate
commonly known by the street address 2520 Brookwood Drive NE, Atlanta, Georgia 30305,
Fulton County, Georgia, which is more fully described in Exhibit "A" hereto.

In giving such Notice, Trustee further states as follows:

1.      Debtor's Petition for Relief Under Chapter 7 of the Bankruptcy Code (the
"Petition") was filed in the Atlanta Division of the United State Bankruptcy Court for the
Northern District of Georgia and assigned Case No. 15-56155-wlh. The filing of the Petition
created an estate for administration pursuant to the Bankruptcy Code (the "Bankruptcy Estate").
A copy of the Petition is attached hereto as Exhibit "B". A copy of the Notice of Chapter 7
Bankruptcy Case Meeting of Creditors & Deadlines as to Debtor's Bankruptcy Case, filed on
April 6, 2015 (the "Notice"), is attached hereto as Exhibit "C".

2.      Robert Trauner was appointed Trustee Under Chapter 7 of the United States
Bankruptcy Code for the Debtor by the Notice, and continues as the duly authorized and acting
Trustee.

3.      Trustee requests that, pursuant to 11 U.S.C. §549(c), this Notice of Bankruptcy
Filing and Claim of Chapter 7 Bankruptcy Trustee be filed in the public records of the Superior
Court of Fulton County, Georgia.

Respectfully submitted, this ___4 T H___ day of August 2015.


_____
Unofficial Witness

_____
Robert A. Bartlett
Attorney for Robert Trauner as Trustee for the
Estate of Tammy Patricia Simpson, Debtor,
Chapter 7 Case No. Case No. 15-56155-wlh
Georgia Bar No. 040550

Ragsdale Beals Seigler Patterson &Gray, LLP
229 Peachtree St., NE, Suite 2400
Atlanta, GA 30303-1629
(404) 588-0500
(404) 523-6714 (facsimile)
rbartlett@rbspg.com (email)

Sworn to and subscribed before me
This __4th__ day of __August__, 2015.

_____
Notary Public

My commission expires __Jan 7, 2019__

2

Exhibit "A"

All that tract or parcel of land lying and being in land lot 101 of the 17th district of Fulton County, Georgia, being parts of Lots 20, 21, 22, 23, 24 and 25, Block "4" of Peachtree Heights Subdivision, and being more particularly described as follows:

Beginning at a point on the westerly right of way of Brookwood Drive a distance of 205.40 feet northerly from the Intersection of the Westerly Right of Way of Brookwood Drive (50 foot right of way) and the Northerly Right of Way of Lindbergh Drive (50 foot right of way) (formerly Maysons Avenue); running thence North 89 degrees 57 minutes 0 seconds West a distance of 34.70 feet to a point; running thence North 77 Degrees 25 minutes 0 seconds West a distance of 41.10 feet to an Iron pin found; running thence North 88 degrees 28 minutes 0 Seconds west a distance of 39 feet to an iron pin found; Running thence South 0 degrees 56 minutes 0 seconds West a Distance of 12.05 feet to an iron pin found; running thence North 88 degrees 21 minutes 0 seconds West a distance of 145.45 Feet to an iron pin found; running thence North 0 degrees 41 Minutes 0 seconds West a distance of 50 feet to an iron pin Found; running thence North 1 degree 51 minutes 12 seconds East a distance of 25 feet to an iron pin found; running thence South 89 degrees 97 minutes 55 seconds East a distance of 80 feet to an iron pin found; running thence South 88 degrees 0 minutes 0 seconds East a distance of 180 feet to an iron pin found on the Westerly Right of Way of Brookwood Drive; running thence South 0 degrees 35 minutes 0 seconds West along the Westerly Right of Way of Brookwood Drive a distance of 69.60 feet to a Point of beginning; being improved property known as 2520 Brookwood Drive, according to the present system of Numbering Houses in Fulton County, Georgia.

Being the same property granted to Tammy Patricia Simpson recorded on November 8, 2004 in Deed Book 38801, Page 227, Official Records of the Superior Court of Fulton County, Georgia.

B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Georgia | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Simpson, Tammy Patricia** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6316** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**2520 Brookwood Drive**<br>**Atlanta, GA**<br>ZIP Code **30305** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Fulton** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9        of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13        of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."  ☐ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter)*.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)    Page 2

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Simpson, Tammy Patricia** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**Think Retail Solutions, LLC** | Case Number:<br>**15-56153** | Date Filed:<br>**4/03/15** |
| District:<br>**NDGA** | Relationship:<br>**Member/LLC** | Judge: |

<table>
<tr><td><b>Exhibit A</b></td><td colspan="2"><b>Exhibit B</b></td></tr>
<tr><td>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)</td><td colspan="2">(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).</td></tr>
<tr><td>☐ Exhibit A is attached and made a part of this petition.</td><td><b>X</b> /s/ Angelyn M. Wright<br>Signature of Attorney for Debtor(s)<br><b>Angelyn M. Wright</b></td><td><b>April 3, 2015</b><br>(Date)</td></tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| <br>_____<br>(Name of landlord that obtained judgment)<br><br><br>_____<br>(Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13)                                                                                                           Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Simpson, Tammy Patricia** |

<b>Signatures</b>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Tammy Patricia Simpson
Signature of Debtor **Tammy Patricia Simpson**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**April  3, 2015**
Date

### Signature of Attorney*

**X** /s/ Angelyn M. Wright
Signature of Attorney for Debtor(s)

**Angelyn M. Wright Georgia Bar No. 777662**
Printed Name of Attorney for Debtor(s)

**The Wright Law Alliance, P.C.**
Firm Name

**1244 Clairmont Road, Suite 222
P.O. Box 2890
Decatur, GA 30031-2890**
Address

**Email: twlopc@earthlink.net**
**404.373.9933  Fax: 888.900.0610**
Telephone Number

**April  3, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/11)                    Case Number 15-56155-wlh

## UNITED STATES BANKRUPTCY COURT Northern District of Georgia

### Notice of
### Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 4/3/15.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>Tammy Patricia Simpson<br>2520 Brookwood Drive<br>Atlanta, GA 30305 | |
| Case Number:<br>15-56155-wlh | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx-xx-6316 |
| Attorney for Debtor(s) (name and address):<br>Angelyn M. Wright<br>The Wright Law Office, P.C.<br>Suite 222<br>1244 Clairmont Road<br>P. O. Box 2890<br>Decatur, GA 30031-2890<br>Telephone number: (404) 373-9933 | Bankruptcy Trustee (name and address):<br>Robert Trauner<br>P. O. Box 421025<br>Atlanta, GA 30342<br>Telephone number: (404) 520-1496 |

### Meeting of Creditors

Date: **May 11, 2015**                                     Time: **01:30 PM**

Location: **Third Floor - Room 367, Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303**

**NOTICE TO DEBTOR(S):** Individuals who file bankruptcy must bring two forms of original documentation to their meeting of creditors: photo identification (driver's license, government ID, state photo ID, student ID, U.S. passport, military ID, or resident alien card) and confirmation of their social security number. **Additionally, you must provide the trustee whose name appears above with a copy of your most recently filed income tax return.This should be provided at least 7 days before the meeting of creditors. DO NOT FILE YOUR TAX RETURN WITH THE COURT. Please bring a copy of this notice with you to the Meeting of Creditors. Cellular phones and other devices with cameras will NOT be allowed beyond security checkpoints.**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 7/10/15**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office:<br>1340 Russell Federal Building<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>Telephone number: 404-215-1000 | For the Court:<br>Clerk of the Bankruptcy Court:<br>M. Regina Thomas<br>See our website: www.ganb.uscourts.gov |
| Hours Open: Monday - Friday 8:00 AM - 4:00 PM | Date: 4/6/15 |

# EXPLANATIONS

B9A (Official Form 9A) (12/11)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | Neither the Court nor the staff of the bankruptcy clerk's office can give you legal advice. You may want to consult an attorney to protect your rights. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint — or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) — in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office.   (See below for additional information regarding telephone and internet access to Bankruptcy Court records). See our website: www.ganb.uscourts.gov |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices

An automated response for further information on this case is available 24 hours daily by calling the Multi–Court Voice Case Information System (MCVCIS) toll free number 866–222–8029, selecting your language, and then pressing 18 to access the Georgia Northern Bankruptcy Court. Please have the case number, social security number or debtor name available when calling.

For case information you may choose to visit the Bankruptcy Court locations to view case information for free. Case information may be printed for 10 cents per page. Members of the bar and the public may access Court records at any time, by obtaining an account with the PACER (Public Access to Court Electronic Records) Service Center (800–676–6856). PACER access is available via the Internet, days, night and weekends. The

cost to use PACER is ten (10) cents per page up to a maximum of $3.00 per document. A statement will be generated and mailed for your account, if you have accrued charges during the quarter and have a balance due greater than $15. If your balance is less than $15, no statement will be mailed and payment will be deferred until the balance due is greater than $15. The statement will only include the total amount due.

Exhibit "B"

Deed Book 38801 Pg  248
Filed and Recorded Nov-08-2004 09:33am
2004-0335238
Georgia Intangible Tax Paid $318.00
**Juanita Hicks**
Clerk of Superior Court
Fulton County, Georgia

When Recorded Return To:
FHHLC - POST CLOSING MAIL ROOM

1555 W. WALNUT HILL LN. #200 MC 6712
IRVING, TX 75038
ATTN: CRICKET DANIELS
Prepared by:
FIRST HORIZON HOME LOAN CORPORATION

5775-E GLENRIDGE DRIVE SUITE 100
ATLANTA, GA 30328

0051408045

RAHALL & ASSOCIATES, P.C.
47 LENOX POINTE NE
ATLANTA, GA 30324

# GEORGIA DEED TO SECURE DEBT
## (Home Equity Line of Credit)
## (Secures Future Advances)

THIS DEED TO SECURE DEBT ("Security Deed") is given on **October 29th, 2004**    in connection
with the Grantor(s) obtaining an open-end Home Equity Line of Credit.
The Grantor(s) is (are)
TAMMY P SIMPSON, A Single Person

(herein after referred to as "Borrower", whether there be one or more grantors).

This Security Deed is given to
FIRST HORIZON HOME LOAN CORPORATION
whose address is
4000 Horizon Way, Irving, Texas 75063                                    ("Lender").
Borrower owes Lender the MAXIMUM PRINCIPAL AMOUNT of
ONE HUNDRED FIVE THOUSAND EIGHT HUNDRED & 00/100
$       105,800.00 .

This debt is evidenced by Borrower's promissory note and/or Home Equity Line of Credit Agreement dated the same date
as this Security Deed ("Note"), which provides for certain payments, with the full debt, if not paid earlier, due and
payable on the **1st** day of **NOVEMBER, 2024** .

This Security Deed secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, amendments, extensions and modifications; (b) the payment and performance of all obligations under the

Deed Book 38801 Pg 249

Home Equity Line of Credit Agreement between Borrower and Lender dated the same date as this Security Deed (the "Agreement") and all amendments, renewals and modifications, which Agreement is incorporated herein and made a part hereof; (c) the payment of all other sums, with interest, advanced under paragraph 6 to protect the security of this

Security Deed; (d) the performance of Borrower's covenants and agreements under this Security Deed, the Note and the Agreement; and (e) all other debt and obligation that may be or become owing by Borrower to Lender. For this purpose, Borrower does hereby grant and convey to Lender and Lender's heirs, successors and assigns, with power of sale, the following described property located in **Fulton**                      County, Georgia, to wit:
`All that tract or parcel of land as shown on Schedule "A" attached`
`hereto which is incorporated herein and made a part hereof.`

which has the address of   **2520 BROOKWOOD DRIVE NE,**
**ATLANTA, GEORGIA 30305**                                   ("Property Address").

This Security Deed secures an open-end revolving loan account as defined in O.C.G.A. 44-14-3 under which periodic advances and repayments will be made from time to time. Payment of all amounts outstanding on the Note from time to time shall not cancel or release this Security Deed; no release of any part of the property or all or any part of the indebtedness hereby secured, shall affect personal liability under the Note nor the priority of this Security Deed. Re-advances will be secured to the same extent as original obligations hereunder.

TO HAVE AND TO HOLD this property unto Lender and Lender's heirs, successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, income, issues, profits, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Deed. All of the foregoing is referred to in this Security Deed as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS Security Deed combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest; Fees and Late Charges. Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any fees and late charges due under the Note and/or the Agreement.

0051408045
GA HELOC FHHLC 04-04                          2 of 10                                    FH6D324

Deed Book **38801** Pg **250**

2. <u>Funds for Taxes and Insurance</u>. Subject to applicable law and if required by Lender, Borrower shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") equal to one-twelfth of: (a) yearly taxes and assessments which may attain priority over this Security Deed; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard insurance premiums; and (d) yearly mortgage insurance premiums, if any. These items are called "escrow items". Lender may estimate Funds due on the basis of current data and reasonable estimates of future escrow items.

Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply funds to pay the escrow items. Lender may not charge for holding and applying Funds, analyzing the account or verifying the escrow items, unless Lender pays Borrower interest on Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing that interest shall be paid on Funds. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on Funds. Lender shall give to Borrower, without charge, an annual accounting of Funds showing credits and debits to Funds and the purpose for which each debit to Funds was made. Funds are pledged as additional security for the sums secured by this Security Deed.

If the amount of Funds held by Lender, together with the future payments of Funds payable prior to the due dates of the escrow items, shall exceed the amount required to pay the escrow items, when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on future payments of Funds. If the amount of Funds held by Lender is not sufficient to pay the escrow items when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender.

Upon payment in full of all sums secured by this Security Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 18 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, and any Funds held by Lender at the time of application as a credit against the sums secured by this Security Deed.

 If Lender does not require the escrow items, Borrower shall pay taxes, rent, assessments and insurance.

3. <u>Charges: Liens</u>. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Deed, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Deed unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Deed. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Deed, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of such notice.

4. <u>Hazard Insurance</u>. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires.

The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.

0051408045
GA HELOC FHHLC 04-04                               3 of 10                               FH6D325

Deed Book 38801 Pg 251

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Deed, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Deed, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 18 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Deed immediately prior to the acquisition.

5. Preservation and Maintenance of Property; Leaseholds. Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Deed is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

6. Protection of Lender's Rights in the Property; Mortgage Insurance. If Borrower fails to perform the covenants and agreements contained in this Security Deed, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Deed, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 6, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 6 shall become additional debt of Borrower secured by this Security Deed. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Deed, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

7. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

8. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

Deed Book 38801 Pg 252

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Deed, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Deed shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Security Deed, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraphs 1 and 2 or change the amount of such payments.

9. Borrower Not Released; Forbearance by Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Deed granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Deed by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any such or remedy.

10. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Deed shall bind and benefit the heirs, successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Deed but does not execute the Note: (a) is co-signing this Security Deed only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Deed, (b) is not personally obligated to pay the sums secured by this Security Deed; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Deed or the Note or the Agreement without that Borrower's consent.

11. Loan Charges. If the loan secured by this Security Deed is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceeded the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceed permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

12. Legislation Affecting Lender's Rights. If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Deed unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Deed and may invoke any remedies permitted by paragraph 18. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 16.

13. Notices. Any notice to Borrower provided for in this Security Deed shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Deed shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

Deed Book 38801 Pg 253

14. Governing Law/ Severability. This Security Deed shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Deed or the Note or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Security Deed or the Note or the Agreement which can be given effect without the conflicting provision.  To this end the provisions of this Security Deed and the Note or the Agreement are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Deed and of the Agreement.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at Lender's option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

17. Borrower's Right to Reinstate. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Deed discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Deed; or (b) entry of a judgment enforcing this Security Deed.  Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Deed and the Note and the Agreement had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing the Security Deed, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Deed, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Deed shall continue unchanged.  Upon reinstatement by Borrower, this Security Deed and the obligations secured hereby shall remain fully effective as if no acceleration had occurred.  However, this right to reinstate shall not apply in the case of acceleration under paragraphs 12 or 16.

18. Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Deed (but not prior to acceleration under paragraphs 12 and 16 unless applicable law provides otherwise.).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Deed and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at Lender's option may require immediate payment in full of all sums secured by this Security Deed without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the POWER OF SALE, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement at the times and in the manner prescribed by applicable law.  Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines.  Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Deed; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the Property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

19. <u>Lender in Possession.</u> Upon acceleration under paragraph 18 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this security Deed.

20. <u>Release.</u> Upon payment of all sums secured by this Security Deed, Lender shall cancel this Security Deed without charge to Borrower. Borrower shall pay any recordation costs.

21. <u>Waiver of Homestead.</u> **You agree to waive any Homestead Exemption you may have in the Property. Your waiver means that we may exercise all of our rights under this Security Instrument.**

22. <u>Assumption not a Novation.</u> Lender's acceptance of an assumption of the obligations of this Security Deed, the note and the Agreement, and any release of Borrower in connection therewith, shall not constitute a novation.

23. <u>Security Deed.</u> This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

24. <u>Environmental Condition of Property.</u> Borrower warrants and represents to Lender after appropriate inquiry and investigation that: (a) while Lender has any interest in or lien on the Property, the Property described herein is and at all times hereafter, will continue to be in full compliance with all federal, state and local environmental laws and regulation, including but not limited to, the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA", Public Law No. 96-510, 94 Stat. 2767, 42 USC 9601 et seq., and the Superfund Amendments and Reauthorization Act of 1986 (SARA), Public Law No. 99-499, 100 Stat. 1613, and (b) (i) as of the date hereof there are no hazardous materials, substances, wastes or other environmentally regulated substances (including without limitation, any materials containing asbestos) located on, in or under the Property or used in connection therewith, or (ii) Borrower has fully disclosed to Lender in writing the existence, extent and nature of any such hazardous materials, substances, wastes or other environmentally regulated substances, which Borrower is legally authorized and empowered to maintain on, in or under the Property or use in connection therewith, and Borrower has obtained and will maintain all licenses, permits and approvals required with respect thereto, and is in full compliance with all of the terms, conditions and requirements of such licenses, permits and approvals. Borrower will transmit to Lender copies of any citations, orders, notices or other material governmental or other communication received with respect to any other hazardous materials, substances, wastes or other environmentally regulated substances affecting the Property.

Borrower shall indemnify and hold Lender harmless from and against any and all damages, penalties, fines, claims, liens, suits, liabilities, costs (including clean-up costs), judgments and expenses (including attorneys', consultants' or experts' fees and expenses) of every kind and nature suffered by or asserted against Lender as a direct or indirect result of any warranty or representation made by Borrower in the preceding paragraph being false or untrue in any material respect or any requirement under any law, regulation or ordinance, local, state, or federal, which requires the elimination or removal of any hazardous materials, substances, wastes or other environmentally regulated substances.

0051408045

GA HELOC FHHLC 04-04                             7 of 10                              FH6D329

Deed Book **38801** Pg **255**

Borrower's obligation hereunder to Lender shall not be limited to any extent by the term of the Note secured hereby, and, as to any act or occurrence prior to payment in full and satisfaction of said Note which gives rise to liability hereunder, shall continue, survive and remain in full force and effect notwithstanding payment in full and satisfaction of said Note and this Security Deed or foreclosure under this Security Deed, or delivery of a deed in lieu of foreclosure.

25. Secondary Financing Prohibited. If Borrower pledges or encumbers the Property herein conveyed without first obtaining Lender's written consent, Lender may, at Lender's option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

26. Prevailing Terms. In the event of any conflict between the terms of the Agreement and this Security Deed, the terms of the Agreement shall prevail except that Georgia law shall apply for purposes of exercising the power of sale contained in this Security Deed.

27. Riders to this Deed of Trust. If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were part of this Deed of Trust.

☐Adjustable Rate Rider          ☐Graduated Payment Rider          ☐Condominium Rider

☐1-4 Family Rider               ☐Planned Unit Development Rider

☐Other(s)(specify)

---

### Request for Notice of Default and Foreclosure
### Under Superior Mortgages or Deeds of Trust

I(We) and Lender request the holder of any mortgage, deed of trust, or other encumbrance with a lien which has priority over this Security Instrument to give notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

Deed Book 38801 Pg  256

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Deed and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed, sealed and delivered this Security Deed.

Signed, sealed and delivered
in the presence of:

_____          _____
Witness                                  TAMMY P SIMPSON                , Borrower


_____          _____
Witness                                                                 , Borrower


                                         _____
                                                                        , Borrower


                                         _____
                                                                        , Borrower


Before me on this     day of                    ,         , personally appeared

TAMMY P SIMPSON


who acknowledged that he/she/they signed this Georgia Deed to Secure Debt as his/her/their act.

                                         _____
                                         Notary Public

My Commission Expires: _____

                                         Printed Name of Notary Public

(Notary Seal)

                                         Notary Public, DeKalb County, Georgia
                                         My Commission Expires March 15, 2005

Deed Book **38801** Pg   **257**

# GA Borrower Acknowledgement and Waiver

By execution of this paragraph, Grantor expressly:

1) Acknowledges that if Grantor breaches any covenant or agreement including the covenants to pay when due any sums secured by the Security Deed ("Deed") dated    **October 29th, 2004** by and between Grantor and    **FIRST HORIZON HOME LOAN CORPORATION**

("Lender"),

Lender has the right to declare all sums secured by the Deed to be immediately due and payable without further demand and invoke the power of sale.  Grantor acknowledges the appointment of Lender as Grantor's agent and attorney-in-fact which allows Lender to sell the premises at public auction by nonjudicial foreclosure without any judicial hearing and without any notice other than such notice that is required by the Deed;

2) Waives any and all rights which Grantor may have under the Fifth and Fourteenth Amendments to the United States Constitution, the various provisions of the Georgia Constitution and/or any other law that **may** require Lender to provide notice and a judicial hearing prior to the exercise by Lender of any right or remedy provided to Lender in the Deed other than such notice that is required by the Deed;

3) Acknowledges that Grantor has read the Deed, any and all questions regarding the legal effect of the Deed and its provisions have been explained fully to Grantor and Grantor has been afforded an opportunity to consult with counsel of Grantor's choice prior to executing the Deed;

4) Acknowledges that all waivers set forth in this document have been made knowingly, intentionally and willingly by Grantor as part of a bargained for loan transaction; and

5) Agrees that the provisions hereof are incorporated into and made a part of the Deed.

I (We) have read and agree to the terms stated above.

Print Name
**TAMMY P SIMPSON**

Print Name

Print Name

Print Name

Signed, Sealed and delivered in the presence of:

Witness

Notary Public

0051408045
GA HELOC FHHLC 04-04

10 of 10

FH6D576

Deed Book 38801 Pg 258

# RIDER TO THE DEED OF TRUST / MORTGAGE / SECURITY DEED

0051408045

Date:        10/29/2004

The escrow of taxes and insurance required in of your DEED OF TRUST/MORTGAGE/SECURITY DEED to        **FIRST HORIZON HOME LOAN CORPORATION** ,
a    **KANSAS**                    corporation is hereby waived and you are notified that you are not required to deposit with    **FIRST HORIZON HOME LOAN CORPORATION**

, a
**KANSAS**                corporation any of the amounts set forth in said paragraph.  This waiver does not, in any way, release you from your obligation to make escrow payments of taxes and insurance to the holder of any prior mortgage, nor does it relieve you of your obligation to keep taxes and insurance premiums current with respect to the mortgaged property.

All payments will be applied first to the accrued interest and next to the unpaid principal of your loan.  The exact amount of your final payment, finance charges, and total of payments will be somewhat more or less than the amounts shown if we do not receive each payment on the scheduled payment date.

RECEIPT ACKNOWLEDGED:

_____  10/29/04    _____
TAMMY P SIMPSON            Date            Date

_____            _____
Date            Date

**HELOC RIDER**                    **FH6D444**
40109 (8/96)                    (01/03)

Deed Book 38801 Pg  259
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 101 OF THE 17TH DISTRICT OF FULTON COUNTY, GEORGIA, BEING PARTS OF LOTS 20, 21, 22, 23, 24 AND 25, BLOCK "4" OF PEACHTREE HEIGHTS SUBDIVISION, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY RIGHT OF WAY OF BROOKWOOD DRIVE A DISTANCE OF 205.40 FEET NORTHERLY FROM THE INTERSECTION OF THE WESTERLY RIGHT OF WAY OF BROOKWOOD DRIVE (50 FOOT RIGHT OF WAY) AND THE NORTHERLY RIGHT OF WAY OF LINDBERGH DRIVE (50 FOOT RIGHT OF WAY) (FORMERLY MAYSONS AVENUE);  RUNNING THENCE NORTH 89 DEGREES 57 MINUTES 0 SECONDS WEST A DISTANCE OF 34.70 FEET TO A POINT;  RUNNING THENCE NORTH 77 DEGREES 25 MINUTES 0 SECONDS WEST A DISTANCE OF 41.10 FEET TO AN IRON PIN FOUND;  RUNNING THENCE NORTH 88 DEGREES 28 MINUTES 0 SECONDS WEST A DISTANCE OF 39 FEET TO AN IRON PIN FOUND;  RUNNING THENCE SOUTH 0 DEGREES 56 MINUTES 0 SECONDS WEST A DISTANCE OF 12.05 FEET TO AN IRON PIN FOUND;  RUNNING THENCE NORTH 88 DEGREES 21 MINUTES 0 SECONDS WEST A DISTANCE OF 145.45 FEET TO AN IRON PIN FOUND;  RUNNING THENCE NORTH 0 DEGREES 41 MINUTES 0 SECONDS WEST A DISTANCE OF 50 FEET TO AN IRON PIN FOUND;  RUNNING THENCE NORTH 1 DEGREE 51 MINUTES 12 SECONDS EAST A DISTANCE OF 25 FEET TO AN IRON PIN FOUND;  RUNNING THENCE SOUTH 89 DEGREES 97 MINUTES 55 SECONDS EAST A DISTANCE OF 80 FEET TO AN IRON PIN FOUND;  RUNNING THENCE SOUTH 88 DEGREES 0 MINUTES 0 SECONDS EAST A DISTANCE OF 180 FEET TO AN IRON PIN FOUND ON THE WESTERLY RIGHT OF WAY OF BROOKWOOD DRIVE;  RUNNING THENCE SOUTH 0 DEGREES 35 MINUTES 0 SECONDS WEST ALONG THE WESTERLY RIGHT OF WAY OF BROOKWOOD DRIVE A DISTANCE OF 69.60 FEET TO A POINT OF BEGINNING;  BEING IMPROVED PROPERTY KNOWN AS 2520 BROOKWOOD DRIVE, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES IN FULTON COUNTY, GEORGIA.
 THIS DEED IS SUBJECT AND SUBORDINATE TO SECURITY DEED FROM TAMMY P. SIMPSON TO FIRST HORIZON HOME LOAN CORPORATION IN THE ORIGINAL PRINCIPAL AMOUNT OF $432,200.00, DATED 10/29/04.